Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BADEN SPORTS, INC., <br>     Plaintiff, <br> v. <br> WILSON SPORTING GOODS CO., <br>     Defendant. | No. C11-0603 MJP <br><br> STIPULATED PROTECTIVE ORDER <br><br> NOTED ON MOTION CALENDAR: MAY 19, 2011 |

## **PROTECTIVE ORDER**

Plaintiff, Baden Sports, Inc. ("Baden"), filed a complaint alleging claims of Patent Infringement, Misappropriation of Trade Secrets, and Common Law Unfair Competition against Defendant, Wilson Sporting Goods Co. ("Wilson"). Litigation of these claims commonly involves discovery of trade secrets and confidential business records and information. The parties, having agreed as to the necessity of a mechanism to protect from inappropriate disclosure trade secrets and confidential business information that each party possesses and that may be produced in discovery, AGREE AND STIPULATE that the following terms and conditions shall govern the use and treatment of documents and other things produced by the parties in this litigation.

PROTECTIVE ORDER (C11-0603) - 1

The parties agree that entering into, agreeing to, and/or complying with the terms of this Agreed and Stipulated Protective Order ("Protective Order") shall not operate as evidence or an admission by any party or person that any particular document, material, or information contains or represents a trade secret or other proprietary or confidential information and does and does not waive any argument that the document, material, or information is not a trade secret or confidential.

**IT IS HEREBY ORDERED THAT:**

1. "Confidential Information," as used herein, means any information, in whatever form, that a party produces in connection with formal or informal discovery in this litigation that such party in good faith believes is not generally known and contains, reflects or concerns sensitive, trade secret or proprietary business information which, if disclosed to persons other than as permitted by this Order, would likely cause the party injury, prejudice or embarrassment. Confidential Information may not be used or disseminated except as provided in this Protective Order. Confidential Information includes all documents or information derived from Confidential Information, including excerpts, copies or summaries of Confidential Information.

2. A party may designate any information, document, thing or testimony that it furnishes in connection with this litigation as Confidential Information, and therefore subject to the provisions of this order, in any reasonable manner. Documents may be designated Confidential Information by affixing the legend "CONFIDENTIAL" to each document, or to the first page of a multi-page document. Deposition testimony and/or exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof, or exhibit is confidential; or (b) stating in writing served

upon counsel of record up to ten (10) days after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is confidential.

3. Materials designated as Confidential Information may only be disclosed in whole or in part, for the purposes of this litigation to the following persons:

(a) outside counsel who represent the parties in this litigation and the support personnel in their Firms or at outside service firms (*e.g.* copying services) who are under their control and/or are assisting them with this litigation;

(b) inside counsel who represent the parties in this litigation and their direct support personnel in their organization or at outside service firms (*e.g.* copying services) who are under their control and/or are assisting them with this litigation;

(c) the party producing the Confidential Information and employees of that party;

(d) a client representative necessary to the preparation of the litigation;

(e) expert witnesses retained by the parties in this lawsuit;

(f) the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily and incidental to the preparation or trial of this lawsuit, as well as jurors convened in any trial in this matter; and

(g) any mediator or arbitrator selected with the consent of all parties.

Confidential Information shall not be disclosed to any of the persons referred to in subparagraphs (d), (e), and (g) until such persons have been provided with a copy of this Order and have agreed in writing to be bound thereto by execution of a written agreement to that effect. The written agreement shall be substantially in the form of the Confidentiality Agreement attached hereto as Exhibit A. All parties shall retain any such agreements for the other parties upon request.

4. Whenever a document designated as Confidential Information, or the information contained therein, is to be referred to or disclosed in a deposition, hearing, trial, meeting or other gathering, any party claiming confidentiality may exclude from the room any

person who is not entitled under this Order to receive or hear or see the Confidential Information.

5. In the event that a party inadvertently produces to any other party any document that is privileged, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, the privileged material may be retrieved by the producing party by giving written notice to all parties who received copies of the produced materials of the claim of privilege within ten (10) business days after the date on which the producing party becomes aware of the inadvertent production. Upon receipt of such notice, all parties or other persons that have received a copy of the produced material shall return any privileged material to the producing party. The terms of this paragraph shall not be deemed a waiver of a party's right to contest the producing party's designation of Confidential Information as privileged, nor shall such inadvertent production of a document that is subsequently retrieved pursuant to this paragraph be deemed to be a waiver of the claim of privilege asserted.

6. Counsel for the parties shall cooperate to follow the uniform procedures outlined in local rule CR 5(g). A party who or which intends to file with the Court pleadings or unredacted papers containing or referring to Confidential Information shall take all reasonable steps to have unredacted matter filed under seal according to the procedures set forth in CR 5(g).

7. The terms of this Order are subject to modification, only with approval by the Court.

8. With respect to any Confidential Information covered by this Order, a party may at any time serve upon counsel for the producing party a written notice of objection to

PROTECTIVE ORDER (C11-0603) - 4

the materials designated as "CONFIDENTIAL."   The producer or originator of the materials shall, within ten (10) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the other party in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy.  If no agreement can be reached, the requesting party may apply to the Court for an order that the information or documents so designated are not entitled to such status and protection.  The proponent of confidentiality has the burden of showing that there is good cause for the information or documents to have such designated protection.

9. A party may also designate any information, document, thing or testimony that it furnishes in connection with this litigation as "Attorney's Eyes Only" or "Counsel's Eyes Only."  Information documents or testimony designated as "Attorney's Eyes Only" will be handled and regarded as Confidential Information in the same way, except as follows:

(a) unless the parties agree otherwise, inside or in-house Counsel who represent the parties in this litigation, and their direct support personnel shall be able to review and retain "Attorney's Eyes Only" Information except that inside or in-house Counsel who represent the parties in this litigation, and their direct support personnel shall not retain "Attorney's Eyes Only" Information in paper form in the offices of a party or at a party's place of business or in a form generally accessible to the corporation;

(b) unless the parties agree otherwise, no client representative shall be given access to "Attorney's Eyes Only" testimony or documents.

10. All documents and things produced in this lawsuit, including Confidential Information, shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose.

11. Upon termination of this action, whether by settlement, dismissal or other disposition, all parties shall return to the producing party all materials marked Confidential (and any copies thereof) or destroy them.  If requested, counsel for each party shall furnish a

1 certificate of compliance that all confidential materials produced to the party, as well as all
2 summaries, excerpts or copies of such materials, have been returned or destroyed, at the
3 election of the producing party.

4     12.     If a party receives a subpoena from a nonparty to this litigation seeking
5 production or other disclosure of Confidential Information, that party shall refuse to produce
6 any Confidential materials for a period of fourteen (14) days under the authority of this Order
7
8 and shall immediately give notice to counsel for the other party, identifying the Confidential
9 Information sought by the nonparty.

10     13.     This Protective Order will apply to documents, discovery and Confidential
11 Information produced pursuant to subpoena or agreement by any third-party to this litigation.

12     14.     The parties stipulate that this Court shall retain jurisdiction over them and any
13 person to whom Confidential Information is disclosed to the extent necessary to enforce the
14 terms of this Order.
15
    Respectfully submitted May 19, 2011.
16
17 FOX LAW GROUP, LLC                      VANTAGE LAW PLLC

18 By:   /s/ Bradley T. Fox                     By:   /s/ Bruce A. Kaser
     Bradley T. Fox                                   Bruce A. Kaser
19      Attorney for Wilson Sporting Goods Co.       Attorney for Baden Sports, Inc.
20
21
                                    **ORDERED** this _23rd_ day of May, 2011.
22
23
24
                                       Marsha J. Pechman
25                                        United States District Judge
26
27

Presented By:

FOX LAW GROUP, LLC

By:   /s/ Bradley T. Fox
Bradley T. Fox, WSBA #30,697
747 Cascadilla St.
P.O. Box 4002
Crested Butte, CO 81224
Telephone: (206) 217-2230
Facsimile: (866) 348-4107
Email: brad@foxgroupllc.com

Michael R. Levinson (p*ro hac vice)*
 Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
Email:mlevinson@seyfarth.com
Attorneys for Defendant


VANTAGE LAW PLLC

By:   /s/ Bruce A. Kaser
Bruce Kaser
Vantage Law PLLC
Attorney for Plaintiff
355 NW Gilman Blvd., Ste. 203
Issaquah, WA 98027
Telephone: (425) 391-8741
Facsimile: (425) 391-8754
Email: bruce@vantagelaw.net
Attorney for Plaintiff

A. Clifford Edwards (pro hac vice)
Triel D. Culver (pro hac vice)
Philip McGrady(pro hac vice)
EDWARDS, FRICKLE & CULVER
1601 Lewis Avenue, Suite 206
P.O. Box 20039
Billings, Montana 59104
Telephone: (406) 256-8155
Fax: (406) 256-8159

PROTECTIVE ORDER (C11-0603) - 7

1  jenny@edwardslawfirm.org
   triel@edwardslawfirm.org
2  philip@edwardslawfirm.org
   Attorneys for Plaintiff
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

PROTECTIVE ORDER (C11-0603) - 8

# EXHIBIT A

I, _____ state that:

1. My address is _____
_____.

2. My present employer is _____.

3. I have received a copy of the Protective Order in the matter of *BADEN SPORTS, INC. v. WILSON SPORTING GOODS CO.*, Case No. C11-0603 MJP, signed by United States District Court Judge Marsha J. Pechman on _____, 2011.

4. I have carefully read and understand the provisions of the Protective Order. I will comply with all of its provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, any information designated "Confidential" or any words, notes, summaries, abstracts, or indices of designated information, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, except to counsel for the party by whom I am retained.

5. I hereby consent to be subject to personal jurisdiction of the United States District Court for the Western District of Washington at Seattle in respect to any proceeding relating to the enforcement of the Protective Order, including any proceedings relating to contempt of Court.

Dated: _____, 2011

_____
Signature

_____
Print Name

PROTECTIVE ORDER (C11-0603) - 9

# CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2011 I served a copy of the **STIPULATED PROTECTIVE ORDER** on the Attorneys for the Plaintiff using electronic mail at the address listed below and registered with the ECF system for this matter.

Bruce A. Kaser
Vantage Law, PLLC
355 NW Gilman Blvd., Suite 203
Issaquah, WA 98027
Ph: 425-391-8741
Fax: 425-391-8754
bruce@vantagelaw.net

A. Clifford Edwards *(pro hac vice pending)*
Triel D. Culver *(pro hac vice pending)*
Philip McGrady *(pro hac vice pending)*
EDWARDS, FRICKLE & CULVER
1601 Lewis Avenue, Suite 206
P.O. Box 20039
Billings, Montana 59104
Telephone: (406) 256-8155
Fax: (406) 256-8159
jenny@edwardslawfirm.org
triel@edwardslawfirm.org
philip@edwardslawfirm.org

Dated this 19th day of May, 2011.

/s/ Bradley T Fox
FOX LAW GROUP LLC
Attorneys for Defendant
Wilson Sporting Goods Co.
747 Cascadilla St.
P.O. Box 4002
Crested Butte, CO 81224
Telephone: (206) 217-2230
Facsimile: (866) 348-4107
Email: brad@foxgroupllc.com

PROTECTIVE ORDER (C11-0603) - 10