UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BADEN SPORTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WILSON SPORTING GOODS CO., <br><br> Defendant. | CASE NO. C11-0603-MJP <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM WITHOUT PREJUDICE |

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's second and third claims. Having reviewed the motion (Dkt. No. 23), the response (Dkt. No. 25), the reply (Dkt. No. 26) and all related filings, the Court GRANTS Defendants' motion to dismiss on Plaintiff's second claim without prejudice and RESERVES judgment on the third claim.

**Background**

Plaintiff alleges Defendant solicited proprietary technical information from a retired Baden employee, Ray Sharpe ("Sharpe"), to replicate its inflation table in violation of the Washington Uniform Trade Secrets Act ("WUTSA"). (Compl. ¶¶ 4-6.) Plaintiff only has two inflation tables, one at its Federal Way, Washington building and one at its second facility in

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S SECOND CLAIM
WITHOUT PREJUDICE- 1

1  Louisville, Kentucky.  (Id. ¶¶ 16, 23.)  Plaintiff built its original inflation table because "there
2  were and are no known machines, devices or processes" that could automatically inflate balls.
3  (Id. ¶ 16.)  Plaintiff claims its inflation table, which has custom-built mechanisms to properly
4  inflate balls, is unique because Sharpe built it and the design has not been disclosed to the public.
5  (Id. ¶¶ 18, 20.)  Plaintiff claims the complexity of the design prohibits reverse engineering and
6  the table could not be replicated "without gaining possession of one or having access to someone
7  with the knowledge and skills to build one."  (Id. ¶ 21.)  Further, Plaintiff claims Sharpe is the
8  only person who could replicate the inflation table's design.  (Id. ¶ 22.)  In 2009, Sharpe retired
9  and signed "an acknowledgement about [Plaintiff's] proprietary information."  (Id. ¶ 24.)

10  Plaintiff alleges Bill Dixon ("Dixon"), an employee at Defendant's parent company,
11  decided the Defendant needed an automatic ball inflation mechanism.  (Id. ¶ 26.)  Dixon
12  contacted Plaintiff's packaging supplier, Allpak, to assist in soliciting Plaintiff's ball inflation
13  technology but Allpak declined the offer to assist.  (Id. ¶ 27.)  In the course of communications
14  with Allpak, Dixon and/or Defendant learned Sharpe knew how to build Plaintiff's inflation
15  table.  (Id. ¶ 27.)  Defendant contacted Sharpe and offered him consulting fees, which caused
16  him to disclose information about the operation and design of Plaintiff's inflation table.  (Id. ¶¶
17  28-29.)  Earlier this year, Defendant paid for Sharpe to fly to its facility in Tennessee to divulge
18  the design details and benefits of Plaintiff's inflation table.  (Id. ¶ 30.)  Defendant hired Sharpe as
19  a consultant without Plaintiff's permission or knowledge.  (Id. ¶¶ 31-32.)

**Discussion**

A. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, ---

U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 545, 127 S.Ct. 1955) (further noting that plausibility lies somewhere between allegations that are "merely consistent" with liability and a "probability requirement"). The Court must accept Plaintiff's factual allegations as true, but need not accord the same deference to legal conclusions. Id. at 1949-150 (citing Twombly at 555, 127 S.Ct. 1955).

B. <u>Motion to Dismiss for Misappropriation of a Trade Secret (Second Claim)</u>

A plaintiff asserting a trade secret claim bears the burden of "proving that legally protectable secrets exist." Boeing Co. v. Sierracin Corp., 108 Wn.2d 38, 50 (1987). The definition of a trade secret is a matter of law under the WUTSA and the determination of whether specific information is a trade secret is a factual question. West v. Port of Olympia, 146 Wn.App. 108, 120 (2008) (citing Ed Nowogroski Ins., Inc. v. Rucker, 137 Wn.2d 427, 436 (1999). The WUTSA defines a trade secret as:

> "information, … device, method, technique or process that:
>
> (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and
>
> (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."
ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S SECOND CLAIM
WITHOUT PREJUDICE- 3

1  RCW 19.108.010(4). In addition, a trade secret may "contain elements that by themselves may

2  be in the public domain but together qualify as trade secrets." Ultimate Timing, L.L.C. v.

3  Simms, 715 F.Supp.2d 1195, 1205 (W.D. Wash. 2010) (citing Boeing, 108 Wn.2d at 50).

4       Here, Plaintiff fails to sufficiently plead that its inflation table could plausibly be a trade

5  secret. Plaintiff's complaint states that a few companies would need an inflation machine but

6  "[t]here were and are no known machines." (Compl. ¶¶ 11, 16.) Plaintiff fails to identify any

7  component of its inflation table that is a trade secret. Plaintiff's description of the inflation table

8  only states it has a table with a mechanism that correctly inserts a needle, inflates the ball to the

9  correct pressure, and withdraws the needle in a coordinated fashion. (Id. ¶ 18.) This vague

10 description does not provide sufficient detail. It fails to identify what components of the device

11 are claimed or whether it is the combination of the components that is claimed. Inflating a ball

12 with a needle is not a trade secret for example. Because Plaintiff fails to plead the details about

13 its inflation table that make it a trade secret, Plaintiff's does not meet the pleading requirements

14 for this claim.

15      The Court GRANTS Defendant's motion to dismiss Plaintiff's second claim without

16 prejudice.

17 C.  Motion to Dismiss for Common Law Unfair Competition (Third Claim)

18      "A plaintiff may not rely on acts that constitute trade secret misappropriation to support

19 other causes of action." Thola v. Henschell, 140 Wn.App. 70, 82 (2007). To determine whether

20 the WUTSA preempts a common law claim, the court must (1) assess the facts that support the

21 plaintiff's civil claim; (2) determine whether those facts are the same as those that support the

22 plaintiff's WUTSA claim; and (3) hold that the WUTSA preempts liability on the civil claim

23 unless the common law claim is factually independent from the WUTSA claim. See Ultimate

24

<u>Timing</u>, 715 F.Supp.2d at 1205 (citing <u>Thola</u>, 140 Wn.App at 82). A proper application of the three-step process prohibits duplicate recovery for a single wrong. <u>Thola</u>, 140 Wn.App at 82.

Here, Plaintiff submits the same facts for its common law unfair competition claim and its misappropriation of a trade secret claim. (Compl. ¶ 58.) Plaintiff pleads this claim in alternative to its misappropriation of a trade secret claim. In addition, Plaintiff concedes the dismissal of its third claim if the Court finds its second claim to be valid. Because Plaintiff's misappropriation of a trade secret claim is dismissed without prejudice, Plaintiff may amend its complaint. If amended, Plaintiff's common law unfair competition claim may be preempted. For that reason, the Court RESERVES ruling on the third claim until after Plaintiff has an opportunity to amend.

**Conclusion**

The Court GRANTS Defendant's motion to dismiss of Plaintiff's second claim without prejudice because Plaintiff has not sufficiently pled a trade secret. Plaintiff has fourteen days in which to file an amended complaint. The Court RESERVES judgment on the third claim since Plaintiff will have the opportunity to amend its complaint.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 26th day of July, 2011.

Marsha J. Pechman
United States District Judge